BOYLE, Appellant, *vs.* HARDY, Respondent.*

1. Bill in chancery for the settlement of a partnership account extending through two partnerships. Decree reversed, because after an interlocutory decree finding a settlement of the first partnership, the bill was dismissed without any apparent cause, when the second partnership remained to be adjusted.

*Appeal from St. Louis Circuit Court.*

The opinion of the court contains a statement of the case.
*R. M. Field* and *N. Holmes,* for appellant.
*F. M. Haight,* for respondent.

* This case was decided at the March term, 1853.

This was a bill in chancery, filed in the year 1847, by Boyle against Hardy for the purpose of settling the concerns of a partnership between them. Boyle, Hardy and Geo. W. West were partners in the business of merchant tailors, which was carried on in Philadelphia and St. Louis. West sold out his interest in the concern to Boyle & Hardy, who afterwards carried it on until some time in the year 1847, when the partnership was dissolved. The bill was filed by Boyle to have an adjustment of the accounts of both firms, and for a division of the real estate purchased by the partners with the partnership funds. Hardy, in his answer, sets up the defence that, prior to the purchase by Boyle and himself of West's interest in the first concern, its accounts were adjusted, and a settlement made among all the parties interested, which settlement was the basis of the subsequent partnership between him and Boyle. He expresses his willingness to settle the accounts of the partnership between him and Boyle, and to make such division of the real estate as had been previously agreed upon between the parties. On the pleadings and exhibits in the cause, the court made an interlocutory decree that the parties account. This account was to be had of the concerns of both partnerships, the court at the time of decreeing the account, reserving the question whether there had been a settlement of the first partnership. A commissioner was appointed, who took an account of the two partnerships, and also proof in regard to the question of a previous settlement of the concerns of the first partnership. The taking this account occasioned the enormous expense of some two thousand dollars. On the coming in of the report, the court decreed that there had been a settlement of the first partnership, as alleged by the defendant in his answer, and further decreed that the complainant have leave to amend his bill. The complainant not having amended his bill, in pursuance to this decree, in such manner as to satisfy the court, his bill was dismissed for the want of prosecution, for which some reason was entered on the record, which is utterly incomprehensible.

5—VOL. XXI.

The court had no authority to *decree* that the complainant amend his bill. That was complainant's look out. Take it there was a settlement of the first partnership, the concerns of the last were still to be adjusted, and the cause should have progressed as to them.

Parties should bear in mind that, under our chancery system, which rules this cause, the report of a commissioner and the evidence in a suit, in order to be reviewed in this court, must be preserved in a bill of exceptions.

The other judges concurring, the decree will be reversed, and the cause remanded.