## BOYLE, Appellant, v. HARDY, Respondent.

1. A. filed a bill in chancery against B. for a general account of a partnership. B., in his answer, set up as a defence that an account of the affairs of the partnership had been stated and settled. Upon a hearing, there was an interlocutory decree finding a settlement as stated in the answer. An amended bill being filed and leave given to either party to surcharge and falsify the account stated, said account was referred to a commissioner "with instructions to examine the same as to errors and omissions on the footing of said account stated, and to state a balance of account and interest due to either party, from the pleadings and evidence now in this cause, and such further competent evidence as either party may produce before him in conformity to this decree." *Held*, that, under this order of reference, the examination before the commissioner was confined to such errors and opinions as were specifically charged in the pleadings and sought therein to be surcharged and falsified.

2. Though all the evidence already in the cause was before the commissioner by virtue of the order of reference, yet balance sheets made out to supply the loss of others that had been in evidence before a former commissioner would not be admissible unless supported by proper testimony.

*Appeal from St. Louis Court of Common Pleas.*

This was a bill in chancery filed originally in the St. Louis circuit court in the year 1847 for the purpose of settling a partnership account extending through two partnerships. Boyle, Hardy and West were partners. West sold out his interest in the partnership to Boyle and Hardy, who carried on the same business until the dissolution of their firm. Boyle by his bill sought an adjustment of the accounts of both firms. Hardy in his answer set up as a defence that an account had been stated and settled of the affairs of the first partnership. The court referred the cause to a commissioner to take an account of both partnerships, reserving the question whether there had been a settlement of the first partnership. The commissioner having reported, the court, on a hearing of the cause on the question reserved, decreed that an account had been stated and settled as charged in the answer, and gave complainant leave to amend. The complainant refusing to do this in a manner satisfactory to the court, the court dismissed the bill. This judgment was reversed by the supreme court and the cause remanded. (See Boyle v. Hardy, 21 Mo. 60.) A change of venue was then taken to the St. Louis court of common pleas. The court refusing to permit the complainant to amend in such a manner as to draw in question the validity of the account stated and settled and also to surcharge and falsify the same, the bill was again dismissed. The cause was again appealed to the supreme court, which again reversed the decree and remanded the cause, " with directions to refer back the account stated to a commissioner, with instructions to examine the same as to errors and omissions, and with leave to the complainant to surcharge and falsify the same, on the basis of the settlement as found by the court." The defendant having answered the amended bill of the complainant, the court decreed that the account stated and settled of the first partnership, " as heretofore decreed by the court, do stand with liberty to either party to surcharge or falsify the same ; and said

account stated is hereby referred to Chester Harding, jr., Esq., who is hereby appointed a commissioner of this court in this behalf, with instructions to examine the same as to errors and omissions on the footing of said account stated, and to state the balance of account and interest due to either party, from the pleadings and evidence now in the cause and such further competent evidence as either party may produce before him in conformity to this decree ; and it is ordered that he appoint a time and place," &c. The commissioner, as appears from his report, on commencing the examination of the matters referred to him, " ruled that the examination must be confined to errors and omissions in the account stated, according to the terms of the order, and to such errors and omissions only as are specifically charged and sought to be surcharged or falsified in the pleadings ; or in other words, that the account stated must stand under the terms of the order and the condition of the pleadings, unless some one or more of the specific errors or omissions charged in the amended bill should be made out and established by the proof." It also appeared from the report that the commissioner excluded certain balance sheets " made by Pagaud, inasmuch as they were not in evidence before the former commissioner, and no testimony was offered which would entitle them to admission as secondary evidence." The commissioner reported adversely to the complainant as to each and all of the items charged in the bill as errors or omissions in the account stated. The court confirmed the report and dismissed the bill.

*Field* and *Holmes*, for appellant.

I. The cause should have been referred to the commissioner with instructions to review the report and to restate the account on the footing of said account settled, with leave to surcharge and falsify as insisted upon by complainant's counsel. Considering the decree as being, in legal substance and effect, the same as that asked for by the complainant, the commissioner erred in not so taking it, and his method of

proceeding in making up his report under the order was erroneous. He improperly restricted the examination to the paper called an account stated and to the particular items therein named, and to the particular items specifically charged in the bill as errors, in the exact form as charged. He erred, also, in ruling that the account stated must stand unless the evidence bearing on any such specific charge should show it to be an error as a particular item in said account stated; also in ruling that the balance sheets should be excluded. (Twogood v. Swanston, 6 Ves. 486; Chambers v. Goldwin, 5 Ves. 834; Brownell v. Brownell, 2 Bro. Ch. 62; Bullock v. Boyd, 2 Edw. Ch. 293; Knisman v. Bake, 14 Ves. 579; Colvet v. Markham, 3 How., Miss., 343; Mebane v. Mebane, 1 Ired. Eq. 493; Garnett v. Carr, 3 Leigh, 407; Roberts v. Kuffin, 2 Atk. 112; 2 Dan. Ch. Pract. 190, 831; Davis v. Spurling, 1 Tam. 199; Farnum v. Brooks, 9 Pick. 212; Turner v. Hughes, 1 Busb. Eq. 186; 1 Hoffm. Ch. Pr. 830; Gres. Eq. Ev. 505; 3 Greenl. Ev. § 335; Abrahams v. Hunt, 26 Penn. 49; Matthews v. Wallwyn, 4 Ves. 125; Pit v. Cholmondeley, 2 Ves. sr. 566.)

*N. D. & G. P. Strong*, for respondent.

I. The court properly confirmed the report of the commissioner. He followed the order of the court referring the cause to him. He properly restricted the examination. (See generally, 2 Edw. Ch. 1, 293; 1 Hoffm. Ch. 294; 7 Johns. Ch. 69; 3 Harr. & Johns. 43; 3 Ired. Eq. 58; 1 Daniel. Ch. Prac. 724; 2 id. 762–5; 1 Sto. Eq. § 525.) The complainant could prove no errors he had not charged. There was no error in refusing to receive in evidence the balance sheets made by Pagaud. They were not in evidence before Carrol, the former commissioner. They were not made out until three months after the testimony before Carroll closed. They were not made out from the original books of the partners, but from the books made by Liggett. They were not supported by proper testimony. Pagaud was not sworn as a

witness. Ligget's copies of the original books were very defective and incorrect.

RICHARDSON, Judge, delivered the opinion of the court.

The general history of this controversy to the time that the defendant filed his answer to the complainant's amended bill may be seen in the report of the case in 21 Mo. 60, 62.

The answer to the original bill set up as a defence that an account of the affairs of the first partnership had been stated and settled; and, on a hearing of the cause, the court found the issue for the defendant. The effect of that interlocutory decree, which we are not called on to review, was to drive the complainant to file an amended bill, in which it was necessary to point out specifie errors in the account. When the case was last here, it was remanded "with directions to refer back the account stated to a commissioner, with instructions to examine the same as to errors and omissions, and with leave to the complainant to surcharge and falsify the same on the basis of the settlement as found by the court." And the first question to be decided is whether the decretal order referring the cause to the commissioner was properly made and in conformity to the opinion of this court.

It is stated in Daniel's Treatise on Chancery Practice that when a settlement of account is shown to have been procured by fraud, it is a sufficient ground to open the whole account, and the parties will not be in any manner bound by it; but when errors or omissions only are shown to exist, the account will not be opened, and the party will be permitted merely to surcharge and falsify it. The court takes it as a stated account, and the party seeking to open it must specify the errors he relies upon. It is not however necessary for him to prove all the errors named in the bill, for he will be entitled to a decree giving him liberty to surcharge and falsify if he proves some of them; and if he can show an omission for which there ought to be a credit, it will be added, (which is a surcharge,) and if any improper charge is insert-

ed, it will be deducted (which is a falsification). (2 Daniel Ch. Pr. 189, 190.) Judge Story says that, when it is shown the parties have already adjusted an account, the court will adopt, according to circumstances, one of three courses. 1. In case of gross fraud or gross mistake, or undue advantage or imposition, the whole account will be opened and ordered to be taken *de novo*. 2. When the mistake or omission or inaccuracy or fraud or imposition is not shown to stain or affect all the items of the transaction, the court will allow the account to stand, with liberty to the complainant to surcharge and falsify it; the effect of which is to leave the account in full force as a stated account, except so far as it can be impugned by the opposing party, who assumes the burden of proof to establish errors or mistakes. 3. Sometimes, a still more moderate course is adopted, and the account is simply opened to contestation as to one or more items which are specially set forth in the bill of the plaintiff as being erroneous or unjustifiable, and in all other respects it is treated as conclusive. (1 Story Eq. § 523.)

The interlocutory decree, to which the complainant excepted, ordered that the account settled and stated on the 25th of January, 1844, of the first partnership should stand, with liberty to either party to surcharge and falsify it, and that the account should be referred to the commissioner with instructions to examine the same as to errors and omissions on the footing of said account stated, and to state the balance of account and interest due to either party from the pleadings and evidence then in the cause, and such further competent evidence as either party might produce before him. This decree, we think, was in conformity to the remanding order of this court, was adapted to the nature of the bill, and is of the character suggested by Judge Story in his third classification.

It appears that the commissioner examined every specification of error stated in the bill and found that there was nothing to invalidate the integrity or correctness of the account;

and, in our opinion, he properly construed the decree in ruling that the examination should be confined to such errors and omissions as were specifically charged, and that the account should stand unless one or more of the specific errors or omissions charged in the bill were established by proof.

The balance sheets made out by Pagaud were properly rejected as evidence. They were not made from the original books of the parties, but from those transcribed by Liggett, which were shown to be inaccurate in many respects. Pagaud was never sworn in the cause, and they amounted to nothing more than the private papers or written statements of a third person. In Turner v. Hughes, Busby's Eq. Rep. 116, the person who furnished the abstracts of the books was the agent of both parties appointed for that purpose, and the examination of the books was made by him in the presence of the parties ; but in this case the abstracts were taken from data which the defendant repudiated, and they were not drawn off in the presence of the parties, nor even under the eye of Mr. Carroll, the former commissioner.

The exception to the final decree that the bill was dismissed without taking an account of the business of the last partnership was properly overruled. The allegations in respect of the second partnership was that the errors and admissions in the account of the first partnership were carried into the new concern ; but as the decree established that there was no error in the account of the first partnership, it would seem that there was no reason for examining into the accounts of the second partnership. Furthermore, it does not appear that the complainant, either before the court or the commissioner, offered any proof touching the accounts or business of the second partnership ; and it may be fairly inferred from his silence on the final hearing, as he did in express terms on a former hearing, that he abandoned any claim to inquire into the affairs or accounts of the second partnership. The other judges concurring, the judgment will be affirmed.